```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

LOUISIANA INTERNATIONAL                         CIVIL ACTION
MARINE, LLC

VERSUS                                          NO: 06-5722

RIG VENTURES, INC., ET AL                       SECTION: J
```

**ORDER AND REASONS**

Before the Court is Defendants Rig Ventures, Inc.'s and Emilio Sanchez's Motion for Partial Summary Judgment (Rec. Doc. 10) on Plaintiff's claims against Emilio Sanchez.  Also before the court is Plaintiff Louisiana International Marine, LLC's Motion for Partial Summary Judgement (Rec. Doc. 16) on these same claims against Emilio Sanchez.

These motions, which were opposed, were set for hearing on October 31, 2007.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' Motion for Partial Summary Judgment should be denied and Plaintiff's Motion for Partial Summary Judgment should be granted.

**Background Facts**

Rig Ventures, Inc. ("Rig Ventures") is a Delaware

corporation, previously engaged in the business of acquiring used oil rigs, ships, and other similar marine-related equipment for scrapping and/or resale.  Emilio Sanchez ("Sanchez") is the sole director/shareholder of Rig Ventures.

On November 11, 2004, Rig Ventures filed for bankruptcy in the U.S. Bankruptcy Court, Southern District of Texas.  Pursuant to an October 24, 2005 Order of the Bankruptcy Court, Rig Ventures was required to move its main asset, the jack-up drilling rig, Ocean 66, from Rig Port in the Port of Lake Charles.  Therefore, on February 28, 2006, Rig Ventures contracted with Louisiana International Marine, LLC ("Louisiana International") to move the Ocean 66 to a yard in Sabine, Texas.  Louisiana International thereafter invoiced Rig Ventures for $162,000.  Louisiana International was paid $88,200, leaving a balance of $73,800.

On September 5, 2006, Louisiana International instituted the present suit against Rig Ventures and Sanchez for the $73,800 balance due on the contract.  Louisiana International also filed a claim in the Rig Ventures bankruptcy proceedings.  On February 14, 2007, the Bankruptcy Court approved the claim of $73,800, but funds have not yet been disbursed.

## Discussion

### Arguments of the Parties

The sole question presented in this litigation is whether Sanchez is personally liable for the balance due Louisiana International.  Louisiana International asserts two distinct

theories for recovery from Sanchez: (1) piercing the corporate veil of Rig Ventures, and (2) Sanchez's acceptance of personal liability in Rig Ventures' bankruptcy proceedings.

**A. Piercing the Corporate Veil**

Sanchez and Rig Ventures (collectively, "Defendants") primarily rely on Riggins v. Dixie Shoring Co., Inc., 590 So. 2d 1164 (La. 1991), stating that the corporate veil can only be pierced in exceptional circumstances, where the corporation is found to be simply an "alter ego" of the shareholder.  Defendants assert that because Louisiana International has failed to show that Sanchez committed fraud or that the corporate formalities of Rig Ventures were completely disregarded, Louisiana International has not met the burden of proof required to pierce the corporate veil.

Louisiana International accepts Defendants' recitation of the applicable law regarding officers, directors, and shareholders' personal liability for the debts of a corporation. However, Louisiana International maintains that there is evidence that Sanchez ignored the corporate formalities between his corporations.  For example, Sanchez made the initial deposit for Louisiana International's services via wire transfer from San Ship, another of Sanchez's corporations.  However, Louisiana International admits that the "corporate veil" allegation was inserted in the complaint merely as a precaution and primarily rests its argument for summary judgement on Sanchez's acceptance of personal liability.

**B. Assumption of Personal Liability**

Louisiana International asserts that Sanchez is personally liable for the movement of the rig. Specifically, in the courtroom minutes during an October 21, 2005 bankruptcy hearing, counsel for Rig Ventures stated: "At the prior hearing, Mr. Sanchez told the court that even if the rig were not sold yet, he would pay the necessary costs to complete the rig's move." Defendants, on the other hand, argue that Sanchez was not *personally* accepting the responsibility to pay the necessary costs, but was accepting this responsibility as the president of Rig Ventures.

Louisiana International also notes the Bankruptcy Court's October 24, 2005 order, which states: "IT IS FURTHER ORDERED, that Mr. Sanchez will be personally responsible for all costs of moving the OCEAN 66, including any *custodia legis* or other fees which may be incurred if the OCEAN 66 must be seized and moved by the United States Marshal." Defendants argue that the order limits personal responsibility to seizure and transport by the U.S. Marshal. Louisiana International, however, points to the use of the word "including" to expand rather than restrict Sanchez's liability.

**Applicable Law**

**A.   Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 588 (1986).

**B.  Piercing the Corporate Veil**

The Louisiana Supreme Court has established that a decision to pierce the corporate veil is based on a totality of the circumstances, including, but not limited to: "(1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings."  <u>Riggins v. Dixie Shoring Co., Inc</u>., 590 So. 2d 1164, 1168 (La. 1991) (declining to pierce the corporate veil although some corporate formalities, such as formal board meetings and separate personal and corporate accountings, were not strictly followed).

Despite Defendants' briefing of the applicable law regarding piercing the corporate veil and subsequent discussion of Louisiana International's failure to sufficiently establish fraud or a disregard for corporate formalities, this issue is largely uncontested.  Louisiana International relegated the matter to a

5

cursory discussion in its opposition to Defendants' motion for partial summary judgement and ignored the issue altogether in its cross motion for partial summary judgement.  Louisiana International presents no evidence of fraud and presents only one instance of ignoring corporate formalities--i.e., paying Louisiana International interchangeably from Sanchez's two companies.

Therefore, at best, Louisiana International has presented evidence of only one factor taken into consideration when deciding to pierce the corporate veil.  Thus, Louisiana International has failed to meet the "heavy burden of proving that the shareholder[] [Sanchez] disregarded the corporate entity to such an extent that it ceased to become distinguishable from [him]self."  Id.  As such, summary judgment is precluded on this ground.

**C.  Assumption of Personal Liability**

Louisiana International largely relies upon Sanchez's alleged assumption of personal liability, as evidenced in Rig Ventures' bankruptcy proceedings and orders.  Neither party discusses when or how a corporate director may assume personal responsibility for corporate debts.  However, in the Louisiana Supreme Court's discussion of piercing the corporate veil in Riggins, the Court noted that corporate directors and officers do not incur personal liability for corporate debts "unless the directors or officers of a corporation purport to bind themselves individually."  Riggins, 590 So. 2d at 1168-69.  Thus, the issue

becomes, did Sanchez purport to bind himself personally for the debts of Rig Ventures?

Based on the evidence presented by the parties, there are three separate instances where Louisiana International claims Sanchez asserted his personal responsibility for the debt owed: (1) an April 19, 2005 telephone hearing, (2) an October 21, 2005 telephone hearing, and (3) and an October 24, 2005 Bankruptcy Court order.

At the April 19, 2005 hearing, when asked by the bankruptcy judge how he was going to pay for the transport of the rig, then estimated at $100,000, the following exchange took place:

> Sanchez: "I guess, I'm going to have to fund it or something."
> Judge: "Do you have $100,000, Mr. Sanchez?"
> Sanchez: "I think I might be able to bring that up, yeah."
> Judge: "Who is going to do the additional $100,000 worth of work?"
> Sanchez: "Well, I guess we're going to have to do it. I'm going to have to use one of my companies to fund it."

Later in the same conversation, the judge surmised, "It sounds as though Mr. Sanchez is willing to put up the $100,000," to which Sanchez and his attorney made no objection.

During the October 21, 2005 hearing, Sanchez's attorney referenced this previous statement by Sanchez, saying, "At the prior hearing, Mr. Sanchez told the court that even if the rig were not sold yet, he would pay the necessary costs to complete the rig's move."  In his deposition, however, Sanchez denied ever agreeing to accept personal liability for the debt owed Louisiana International, but instead asserted that he was speaking "as

7

president of Rig Ventures, Inc., only."

Following these hearings, the Bankruptcy court signed an order, which stated: "IT IS FURTHER ORDERED, that Mr. Sanchez will be personally responsible for all costs of moving the OCEAN 66, including any *custodia legis* or other fees which may be incurred if the OCEAN 66 must be seized and moved by the United States Marshal." Defendants did not appeal this order.

Based on Sanchez's own statements at the bankruptcy hearings agreeing to fund the move himself or through funds available from one of his other companies, this Court determines that Sanchez did assume personal liability for the costs incurred in having the rig moved. By offering to pay for the move individually or out of another corporation, Sanchez was not speaking in a representative capacity on behalf of Rig Ventures, but speaking on behalf of himself.

Furthermore, the plain language of the Bankruptcy Court order imposes personal liability for such costs on Sanchez. The second clause of the order, beginning with "including," does not limit Sanchez's liability to the event of government seizure, but instead expands such liability to include voluntary transport. Accordingly, finding no genuine issues of material fact remaining,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 16)** imposing personal liability on Sanchez for the $73,800 due it is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Partial**

**Summary Judgment (Rec. Doc. 10)** is hereby **DENIED.**

New Orleans, Louisiana this 29th day of October, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE